## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

NICHOLAS FLORENTIN,

                           Petitioner,

            v.                        CASE NO. 17-3206-SAC

SAM CLINE,

                           Respondent.

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order. Under this rule, the Court may sua sponte dismiss the petition if it "clear from the face of the petition itself" that the action is not timely. *Kilgore v. Atty. General of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008).

### Background

Petitioner was convicted of one count of rape under K.S.A. 21-3502(a)(2) and was sentenced to a term of life with a mandatory 25-year minimum sentence under K.S.A. 21-4643(a). The Kansas Supreme Court affirmed the conviction and sentence on June 14, 2013. *State v. Florentin*, 303 P.3d 263 (Kan. 2013).

On May 23, 2014, petitioner filed a post-conviction motion under K.S.A. 60-1507. The state district court denied relief on February 27, 2015. The Kansas Court of Appeals affirmed that decision on November 23, 2016, and the Kansas Supreme Court denied review on June 20, 2017.

Petitioner placed his federal petition in the prison mailing

system on November 14, 2017.

## The limitation period

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a one-year limitation period applies to habeas corpus petitions brought under 28 U.S.C. §2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

The one-year limitation period generally runs from the date the judgment becomes final, as provided by § 2244(d)(1)(A), unless the petitioner asserts facts that implicate any of the remaining provisions. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Under the AEDPA, the limitation period is tolled for "[t]he time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. §2244(d)(2).

Finally, equitable tolling of the limitation period is available in narrow circumstances. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010)(stating that § 2244(d) "is subject to equitable tolling"). A petitioner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, petitioner's conviction became final on September 13, 2013, ninety days after the June 14, 2013, decision of the Kansas Supreme Court, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) and Sup. Ct. R. 13.1 (requiring petition for certiorari to be filed within 90 days after entry of judgment).

The one-year limitation period began to run on September 14, 2013, and continued to run until May 23, 2014, when petitioner filed a motion under K.S.A. 60-1507, tolling the limitation period. At that time, 251 days had run on the limitation period, with 114 days remaining.

The limitation period was tolled during the pendency of that action and began to run again following the June 20, 2017, denial of review by the Kansas Supreme Court. It expired 114 days later, on

October 12, 2017.

### Order to Show Cause

The present petition, filed on November 14, 2017, was not filed within the one-year limitation period and is subject to dismissal unless petitioner can show that he is entitled to equitable tolling. Petitioner is directed to show cause why this matter should not be dismissed and to identify any ground for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including January 2, 2018, to show cause why this matter should not be dismissed due to his failure to timely file the petition.

**IT IS SO ORDERED.**

DATED:  This 1st day of December, 2017, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge