IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS FLORENTIN,**

                Petitioner,

       v.                          CASE NO. 17-3206-SAC

**SAM CLINE,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On December 1, 2017, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to commence this matter within the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A). Petitioner filed a timely response.

**Analysis**

Petitioner does not contend this matter was timely filed; rather, he seeks equitable tolling. He states that he was unaware of a time limit to file a petition under Section 2254 and that his attorney did not advise him of a time limit. He points out that he has pursued relief diligently and has invested considerable resources in challenging his conviction.

Equitable tolling of the habeas corpus limitation period is available in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). In order to qualify for such tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quotations omitted). A petitioner seeking equitable

tolling has a "strong burden to show specific facts" in support of the necessary showing. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

The Court has considered petitioner's arguments but concludes that he is not entitled to equitable tolling. Petitioner's argument of ignorance of the law and the tolling period are insufficient to excuse his failure to timely file. It is settled that a pro se petitioner's ignorance of the law generally does not excuse the failure to timely file. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

The failure of petitioner's counsel to advise him of the deadline likewise does not excuse the failure. Petitioner does not specify whether he refers to trial or appellate counsel, and it is unclear whether he ever retained counsel for habeas corpus. However, "the Tenth Circuit has held that attorney negligence is not generally a basis for equitable tolling." *United States v. Gibson*, 2012 WL 3639049, at *1 (N.D. Okla. Aug. 23, 2012)(unpublished), *aff'd* 512 F.App'x 840 (10th Cir. Mar. 11, 2013)(unpublished). Certainly, if he refers to habeas corpus counsel, negligence by such counsel "is not generally a basis for equitable tolling because 'there is no constitutional right to an attorney in state post-conviction proceedings.'" *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007)(quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

For these reasons, the Court finds petitioner is not entitled to equitable tolling and concludes the petition for habeas corpus must be dismissed as time-barred.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, the petitioner must show both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not debate its procedural finding that the petition is time-barred and that petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period. The Court therefore declines to issue a certificate of appealability.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to vacate, correct, or set aside his sentence (Doc. #2) is denied, and the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 5th day of January, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge